**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISON**

| | |
|---|---|
| ERIC FORSLIN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RENTOKIL NORTH AMERICA, INC., <br><br> Defendant. | No. 5:26-cv-03236 <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiff Eric Forslin ("Plaintiff"), on behalf of himself and all others similarly situated (the "Collective"), by and through his attorneys, brings this collective action lawsuit against Defendant Rentokil North America, Inc. ("Rentokil" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiff complains and alleges as follows:

## I.    NATURE OF THE CASE

1.    Plaintiff and all similarly situated employees were denied proper payment for all hours worked and overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

2.    Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq.* by knowingly and willfully permitting Plaintiff and Class Members to perform overtime work without the proper compensation. Defendant received value from the work performed by Plaintiff and Collective Members, who worked more than forty hours in a workweek without all overtime compensation due and regularly worked off the clock without receiving compensation for their services.

3.    Defendant's conduct violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq* because the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay hourly employees

1

like Plaintiff and Class Members at no less than one and one-half times the regular rate of pay for all hours worked in excess of forty in a week.

4.    Because Defendant's conduct violated and continues to violate Federal wage and hour laws, Defendant is liable for unpaid wages as provided by the FLSA, attorneys' fees and costs, and pre- and post-judgment interest.

## II.    JURISDICTION AND VENUE

5.    The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. *See* 29 U.S.C. § 216(b). The Court has original federal question jurisdiction under 28 U.S.C. § 1331.

6.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) and this Court may exercise general personal jurisdiction over the Defendant. At all material times, Defendant has maintained its headquarters in Pennsylvania, has been actively conducting business in Pennsylvania, and resides in this judicial district.

## III.    PARTIES

7.    Plaintiff Eric Forslin is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of Washington.

8.    Plaintiff was employed by Defendant as a Pest Control Technician from March 20, 2023, to September 12, 2025.

9.    Plaintiff worked for Defendant throughout the State of Washington.

10.    Plaintiff is informed, believes, and thereon alleges that Defendant Rentokil North America, Inc. is a for-profit corporation headquartered in Wyomissing, PA. Defendant is registered to conduct business in Pennsylvania, conducts business in Pennsylvania and throughout the United States, and employs and/or employed hourly, non-exempt employees, including

Plaintiff and Collective Members throughout the United States. Rentokil North America, Inc. may be served with process at 1125 Berkshire Blvd. Ste. 150, Wyomissing, PA 19610.

11.     Plaintiff is informed, believes, and thereon alleges that Defendant employs and/or employed Plaintiff and Collective Members because Defendant, directly or indirectly, controls their employment terms, including the pay practices applicable to Plaintiff and Collective Members.

12.     Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant, acting through its agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

13.     Plaintiff is informed, believes, and thereon alleges that Defendant directly controls the operations of its agents, managers, and employees throughout all its locations in the United States.

14.     Plaintiff is informed, believes, and thereon alleges that Defendant, in some manner, intentionally, negligently, or otherwise, is responsible for the acts, omissions, occurrences, and transactions alleged herein.

15.     At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

16.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

17.     Plaintiff and Collective Members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

18. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA because Defendant had and continues to have employees engaged in commerce. *See* 29 U.S.C. § 203(s)(1).

19. Defendant is the employer of Plaintiff and Collective Members because Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

20. Here, Defendant has, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

21. In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it provides pest control services across the country and conducts business deals with merchants across state lines.

22. At all material times, Plaintiff and Collective Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

### IV.    FACTUAL ALLEGATIONS

23. Upon information and belief, Defendant is based out of Wyomissing, PA, but conducts business throughout the United States.

24. Plaintiff is informed, believes, and thereon alleges that Defendant employs thousands of hourly, non-exempt workers similarly situated to Plaintiff throughout the United States.

25. Plaintiff has worked for Defendant as a Pest Control Technician throughout several locations in Washington.

26.    Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $23.93 per hour.

27.    Although Plaintiff's shifts varied in duration, Plaintiff usually worked approximately eight hours or more per shift and approximately five or more shifts per week.

28.    Plaintiff's weekly hours varied, but on average, Plaintiff worked approximately forty hours per week, or more.

29.    For example, Plaintiff's typical schedule was five days a week, approximately starting at 8:00AM and ending around 7:00PM or 8:00PM.

30.    Plaintiff and Collective Members' job duties included, but were not limited to, checking bait stations around houses and structures; checking under houses and checking attics, inspecting for pests, ants, termites, and similar creatures; spraying buildings to prevent pest infestations.

31.    Plaintiff and Collective Members receive non-discretionary incentives that are not factored into Plaintiff and Collective Members' regular rate of pay for overtime purposes. Specifically, Plaintiff and Collective Members receive additional pay identified as "incentive SPP" and "Sign On Bonus" in paystubs, which is not included in the regular rate of pay calculation for overtime purposes, but which are otherwise guaranteed upon the completing the requirements for the incentive SPP and Sign On Bonus.

32.    Defendant regularly fails to pay Plaintiff and Collective Members for all hours worked. For example, Defendant requires Plaintiff and Collective Members to complete their routes and corresponding paperwork on a daily basis. Given the size of the Defendant's workload, Plaintiff and Collective Members are systemically forced to complete the required paperwork after they have clocked out of their shifts.

33.     Moreover, Defendant requires Plaintiff and Collective Members to complete training and take exams to keep up with their licenses and credentials required to maintain their positions with Defendants, that must be taken before clocking in to their shifts, otherwise Plaintiff and Collective Members are unable to complete their daily workload. These training courses and exams, when taken before clocking in, go uncompensated.

34.     Defendant's action was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

35.     Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these pay policies and practices across the United States.

36.     On information and belief, Plaintiff and Collective Members perform their jobs under Defendant's supervision using materials and technology approved and supplied to them by Defendant.

37.     On information and belief, Plaintiff and Collective Members are required to follow and abide by Defendant's common work, time, and pay policies and procedures in the performance of their jobs.

38.     On information and belief, at the end of each pay period, Plaintiff and Collective Members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

39.     On information and belief, Defendant pays Plaintiff and Collective Members on an hourly rate basis.

40.     On information and belief, Defendant's unlawful conduct has been widespread, repeated, and consistent throughout Defendant's locations throughout the United States.

41.     Defendant knows, or should know, that its policies and practices are unlawful and

unfair.

42.    Defendant's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

### V.    COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

43.    Plaintiff brings this claim (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collective of similarly situated employees defined as follows:

> **All current and former non-exempt, full-time hourly employees who worked at least one full time work week for Rentokil North America, Inc. throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").**

44.    Plaintiff, individually and on behalf of the other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policies and practices of failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

45.    Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

46.    The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work without being paid the correct overtime rate in violation of the FLSA.

47.    Plaintiff is a representative of the members of the Collective and is acting on behalf

of their interests as well as his own interests in bringing this action.

48.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

49.     The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

50.     Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the collective.

### VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime
Pursuant to 29 U.S.C. §§ 201, et seq.
(Individually and on Behalf of the Collective)**

51.     Plaintiff re-alleges and incorporates the foregoing as though fully set forth herein.

52.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. *See* 29 U.S.C. § 207(a)(1).

53.     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. *See* 29 U.S.C. §§ 203(e); 207(a).

54.     Defendant is a covered employer required to comply with the FLSA's mandates.

55.     Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work. *See*; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. *See* 29 U.S.C. § 211(c).

56.     Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

57.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant acts willfully and knows or shows reckless disregard for whether the alleged conduct was prohibited by the FLSA.

58.     Defendant acts neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. *See* 29 U.S.C. § 216(b).

59.     As a result of the aforesaid violations of the FLSA's provisions, pay, including

overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

## VII.    PRAYER FOR RELIEF

60.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA.

61.    An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

62.    An order finding that Defendant violated the FLSA;

63.    An order finding Defendant violated the FLSA willfully;

64.    All unpaid wages due under the FLSA;

65.    An equal amount as liquidated damages as allowed under the FLSA;

66.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

67.    For an order awarding Plaintiff and Collective Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff and Collective Members, together with interest on these amounts, according to proof;

68.    All attorneys' fees, costs, and disbursements as provided by FLSA;

69.    For all costs of suit;

70.    For interest as provided by applicable law; and

71.    For such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial.

Respectfully submitted this 12th day of May, 2026.

<u>*/s/ Jamisen A. Etzel*</u>
Jamisen A. Etzel (PA 311554)
**LYNCH CARPENTER LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
P: 412-322-9243
F: 412-231-0246
Email: jamisen@lcllp.com

Carolyn H. Cottrell (CA SBN 166977)*
admission pro hac vice anticipated
Ori Edelstein (CA SBN 268145)*
admission pro hac vice anticipated
Robert E. Morelli (CA SBN 363123)*
admission pro hac vice anticipated
SCHNEIDER WALLACE
COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
Email: rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the
Collective*